UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

    -against-                              **MEMORANDUM & ORDER**
08-CR-43 (PKC)

JULIO CHAVEZ,

                Defendant.
----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

Julio Chavez, proceeding *pro se*, moves pursuant to 28 U.S.C. § 2255 to vacate his conviction. He was convicted on March 14, 2011, after a jury trial, of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1), and discharge of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii). (Dkt. 147, 173.) He now argues that his conviction for murder in aid of racketeering should be vacated because "the crime of racketeering can be committed without violence" and that his firearm conviction should be vacated as unconstitutionally vague. (Dkt. 195 at 5.)

While Defendant is correct that racketeering can be committed without violence, *United States v. Ivezaj*, 568 F.3d 88, 95-96 (2d Cir. 2009), the substantive violent crime for which Plaintiff was convicted is murder. In its March 28, 2017 decision in *United States v. Jones*, the Second Circuit held that attempted murder is a crime "unmistakably involving 'an attempted use . . . of physical force.'" *Jones*, 16-3397-cr, Dkt. 100, at 5 (quoting *United States v. Scott*, 681 F. App'x 89, 94-95 (2d Cir. 2017) (summary order)). Therefore, murder, by extension, is also a crime of violence, and Defendant's claim must be denied.

To the extent Chavez argues that *Johnson v. United States*, 135 S. Ct. 2551 (2015) is applicable to his firearm conviction, his claim must fail. "*Johnson* strictly applies only to those

defendants who are convicted of being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g)." *Minaya v. United States*, 190 F. Supp. 3d 340, 343 (S.D.N.Y. 2016). And although the Second Circuit has held that *Johnson* also applies when a defendant is sentenced as a career offender under United States Sentencing Guidelines § 4B1.1, that Guidelines provision is not applicable in this case. *United States v. Maldonado*, 636 F. App'x 807, 810-11 (2d Cir. 2016). Finally, to the extent Defendant's argument can be construed to allege that the "residual", or "risk of force", clause, 18 U.S.C. § 924(c)(3)(B), is void for vagueness as applied to murder in aid of racketeering, this argument is likely foreclosed by *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016), which rejected a similar claim that Section 924(c)(3)(B)'s "risk of force" clause is void for vagueness. In any event, the Court need not decide this because Chavez's conviction qualifies as a crime of violence under the physical force prong. *See* Section 924(c)(3)(A). Whether the residual clause is void for vagueness as applied to murder in aid of racketeering is thus irrelevant. *See Jones*, 16-3397-cr, Dkt. 100, at 3 n.2.

## CONCLUSION

For the reasons set forth above, Defendant's motion to vacate his conviction is denied.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: March 28, 2018
      Brooklyn, New York